IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| DEMARCUS RANTREZ ROBINSON, ADC #150429 | * * * | |
| Plaintiff, | * | |
| v. | * | No. 5:17cv00114-JJV |
| | * | |
| DEXTER L. PAYNE, Chief Deputy Director, Arkansas Department of Correction; *et al.* | * * * * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER

### I.   INTRODUCTION

Demarcus Rantrez Robinson ("Plaintiff"), an inmate of the Varner Supermax Unit of the Arkansas Department of Correction ("ADC"), brings this action *pro se* and under 42 U.S.C. § 1983. (Doc. No. 2.) He alleges he was denied due process when prison officials failed to secure witness statements on his behalf, per his request, in advance of a disciplinary hearing. (*Id*. at 3-5.)

Remaining Defendants Daryl Brown and Serena McCoy have filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law on Plaintiff's claims. (Doc. No. 43.) Plaintiff has responded (Doc. No. 49), and filed his own Dispositive Motion. (Doc. No. 47.) Therefore, this matter is now ripe for a decision. After careful review, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and Plaintiff's Complaint should be DISMISSED with prejudice.

### II.   FACTS

On January 30, 2017, Plaintiff was on a "voluntary work detail crew" when "Disciplinary Serving Officer Serena McCoy served [him] notice of an unknown disciplinary." (Doc. No. 2 at

3.) Plaintiff says Officer McCoy asked him at that time if he wanted any witnesses to appear at the disciplinary hearing and Plaintiff said "no." (*Id.*) Plaintiff says, "I said no because I was at work and wasn't sure what the content of the infraction read." (*Id.*) But after reading the disciplinary paperwork, Plaintiff decided he wanted witnesses and notified Sergeant Brown to let Officer McCoy know he had changed his mind regarding the witnesses. (*Id.*) Nevertheless, Plaintiff was not afforded his witnesses at the disciplinary hearing. (*Id.* at 4.) Officer McCoy states, ". . . once an inmate is served with a disciplinary and indicates that inmate does not wish to request any witnesses, the inmate cannot later change his mind." (Doc. No. 43-1 at 3.)

### III.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a

reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.  ANALYSIS

### A.  Qualified Immunity/Due Process

Defendants contend they are entitled to qualified immunity on Plaintiff's claims against them. (Doc. No. 44 at 7-17.) Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*,

3

533 U.S. 194, 201 (2001).[1]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009).  Upon review of the record in this case, I find the facts shown - construed in the light most favorable to Plaintiff - do not establish a violation of his constitutional rights.

In analyzing a due process claim, the Court must address two questions.  The first question asks whether there exists a life, liberty, or property interest which has been interfered with by the state. *Kentucky Dep't. of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 571 (1972).  The second question asks "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)).

As an initial matter, I find there is no life, liberty or property interest at stake here because Plaintiff failed to show an "atypical and significant hardship" resulting from his disciplinary convictions.  Plaintiff states, as a result of this disciplinary conviction, he received "like 30 or 45 days' restriction - - or something like that - - and that was that."  Thirty days of punitive restriction is not an "atypical and significant hardship." *See Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (thirty days of punitive isolation and loss of privileges not an atypical and significant hardship under *Sandin*).  So Plaintiff's cause of action should be dismissed on this basis alone.

But giving Plaintiff all benefit of the doubt, I note that Mr. Robinson states his punishment implicated his placement in "vo-tech" which could potentially implicate his due process rights. And in that case, inmates are entitled to due process of law, and prison authorities must provide an

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236).

inmate with the appropriate level of due process before depriving him of a protected liberty interest. *Goff v. Dailey*, 991 F.2d 1437, 1440 (8th Cir. 1993) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974)). However, due process does not entitle inmates to a disciplinary hearing at which they are on equal footing with prison authorities. *Id*. at 1441. "Inmates are certainly not constitutionally entitled to the level playing field created by a fully adversarial proceeding which uses a preponderance of the evidence standard." *Id.* A prison disciplinary hearing must offer the inmate an opportunity to explain his actions or otherwise defend himself before the disciplinary authority, but it does not require a full evidentiary battle between the prosecuting prison officials and the defending inmate. *Id*. at 1442. Thus, "due process is satisfied if the disciplinary committee bases its decision on 'some evidence' in the record." *Id*.

This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985) (quoting *U.S. ex rel. Vajtauer v. Comm'r of Immigration at Port of N.Y.*, 273 U.S. 103, 106 (1927)). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Id*. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *Id*. at 455-56. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id*. at 456.

There is clearly "some evidence" in the record of this case supporting Plaintiff's disciplinary conviction. The record of Mr. Robinson's conviction states it was supported by the Incident Report dated January 26, 2017, by Officer Idella D. Brown. (Doc. No. 43-9.) Officer Brown's Incident Report Summary states she gave Mr. Robinson a ". . . direct order to return to

his assigned barracks. . .” and he responded by saying, “. . . You need to understand that when a man is talking, you need to shut the hell up.”  (Doc. No. 43-5 at 1.)  "[Officer] Brown then gave Inmate Robinson several direct orders to return to his assigned barracks.  [Officer] Brown was pat searching Inmate Robinson prior to escorting him to Max, [and] Inmate Robinson stated, 'Someone needs to teach you that when a man is talking, shut the hell up because I am king.'"  (*Id.*)

The United States Court of Appeals for the Eighth Circuit has held that "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as "some evidence" upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir.2008).  Accordingly, I find no due process violation here.

I also find no procedural due process violation.  Prison disciplinary proceedings generally requires the following:  (1) the inmate be given written notice of the charges no less than twenty-four hours before his appearance; (2) the factfinder provide a written statement as to the evidence relied on and reasons for the disciplinary action; (3) the inmate be allowed to call witnesses and present documentary evidence in his defense, if permitting him to do so will not jeopardize institutional safety or correctional goals; and (4) in certain cases, the inmate be free to seek the aid of a fellow inmate or other counsel substitute.  *Wolff*, 418 U.S. at 564-70.

Although Plaintiff contends a constitutional procedural due process violation occurred when he was denied the opportunity to call witnesses, I disagree.  Plaintiff admits he told the officer serving the disciplinary charge he did not want any witnesses. (Doc. No. 2 at 3.)  And ADC policy requires an inmate to notify the serving officer of any intention to call witnesses.  Administrative Directive 16-11 outlines the procedures for disciplinary charges.  (Doc. 43-6.)

6

With regard to the right to call witnesses, the Directive states, "The inmate may call witnesses by giving the serving officer the names of the individuals he/she wishes to call." (*Id.* at 12.) The Inmate Disciplinary Manual echoes this same language. (Doc. No. 43-11 at 12.) Additionally, the Inmate Handbook also states, "At the time you are served the disciplinary report, if you want to call witnesses, this is the time to do it. You will be allowed to call witnesses by giving the notifying officer the names of individuals you wish to call. Be sure to tell the notifying officer if you want to call any witnesses." (Doc. No. 43-8 at 19.) Here, Plaintiff was denied witnesses because he failed to follow the procedures as set out by the ADC. Accordingly, because there has been no violation of Mr. Robinson's constitutional rights, Defendants – as a matter of law –are entitled to qualified immunity.

For the above reasons, Plaintiff has failed to demonstrate a violation of his due process rights. Defendants are entitled to qualified immunity on Plaintiff's claims against them in their personal capacities.

## V.  CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 43) is GRANTED.

2. Plaintiff's Complaint (Doc. No. 2) is DISMISSED with prejudice.

3. Plaintiff's Dispositive Motion (Doc. No. 47) is DENIED.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

SO ORDERED this 31st day of January, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE